substantially the same facts which would have excused him from the charge of assumed risks or of contributory negligence in an action founded upon common-law principles of liability. Reference has already been made to the general location of trolley poles along the line of this road. So far as I am able to discover no evidence has been given with reference to the exact distance from the track of these poles, except in the case of the first six after passing over the trestle. So far as appears, those, other than these six, standing upon the north side of the track, were so far away as to give no notice or warning that danger was to be expected from the proximity of trolley poles. When we come to the six in question, we find that, at a distance of 7 or 8 feet from the ground, the distance of each from a car, as modified by the incline of the pole and the incline of the car on account of the depressed rail of the curve, was different. No two poles were at the same distance from the car, and the poles which plaintiff passed before reaching the one which struck him were several inches further away than the one in question, and in fact enough so, so that I think a jury might say that the difference constituted a margin of safety. And in the same way the poles to be passed after the one causing the accident were, in part, at least, further away from the car than it. We therefore have it that, so far as appears at this point, upon a line of 12 miles were half a dozen poles of exceptional location, and some of those were far enough away from the track to avoid any reasonable probability of an accident. In addition, the depressed rail upon the curve at this point caused an exceptional proximity of car and pole. Plaintiff's opportunity for observation had been limited. He first commenced work upon May 27th or 28th as an extra conductor, and thereafter worked at irregular times until the time of the accident. He had made about 73 trips, and, including the taking of his car from and to the barn, had gone by this point about 167 times. Thirty-four of these trips, however, were after dark, and very many more were upon cars different from that which he had upon the occasion in question, and which do not appear even to have been open cars. It is apparent at once that a trip in a closed car would neither impose the obligation nor afford the opportunity to observe the location of trolley poles. There is some evidence that he had lived near this road, but no evidence whatever to indicate that his residence or trial experience had enabled him, much less called upon him, to observe the particular location of poles prevailing at the point of the accident. The fundamental question, therefore, is presented, upon this branch of the case, whether a conductor, passing over a road 12 miles long, with 8,000 trolley poles, a very limited number of times, when he had an opportunity for observation, busied with other duties, is to be charged as matter of law with knowledge of the location of a few exceptional poles, which he positively swears as a matter of fact he never observed; because, if he is not to be thus charged with knowledge, we do not see how it can be said as matter of law that he appreciated and assumed the risk of the location, or was guilty of contributory negli-

gence, in not looking out for and avoiding a danger of which he was ignorant. As already indicated, I do not think that the court may rule against the plaintiff as a matter of law upon this question, but that the defendant is only entitled to have the jury pass upon it as a question of fact. Reference may be made again to the True Case, supra, where this question of knowledge and assumption of risk was sharply presented and discussed. There the accident arose from the proximity of two tracks, which continued for a distance of nearly 200 feet and was a permanent, perfectly obvious feature. The plaintiff had been operating a car for 30 days, going over this portion of the road from 12 to 15 times each day, and mostly in the daylight. He was familiar with the general construction of cars, and it was argued that he could not have failed to notice the location of the tracks and appreciate that cars passing there would come close together, as they did when he was injured, and that, therefore, he should be held as matter of law to have assumed the risk of employment, and also that he was careless in getting between the cars as he did. The Court of Appeals, however, unanimously upheld the decision of a majority of this court that the claims so made in behalf of the defendant presented questions of fact, and could not be disposed of as matters of law. I think that the questions of plaintiff's assumption of risks and contributory negligence were for the jury, also, within the principles laid down in Benthin v. N. Y. C., etc., R. R. Co., 24 App. Div. 305, 48 N. Y. Supp. 503; Pierce v. Camden, etc., Ry. Co., 58 N. J. Law, 400, 35 Atl. 286; Johnson v. St. P., etc., Ry. Co., 43 Minn. 53, 44 N. W. 884; Wood v. Louisville, etc., Ry. Co. (C. C.) 88 Fed. 44.

SPRING, J., concurs.

DAVIDS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by Charles H. Davids against the Brooklyn Heights Railroad Company. No opinion. Motion granted, and question certified as follows: "May an execution against the person of the plaintiff issue on the judgment recovered herein?"

DAVIS et al., Appellants, v. BLISS, Respondent. (Supreme Court, Appellate Division, Third Department. May 3, 1905.) Action by A. Edsall Davis and R. Herbert Deyo against Allaseba Bliss.

PER CURIAM. Judgment affirmed, with costs.

SMITH, J., dissents.

In re DAVIS' WILL. (Supreme Court, Appellate Division, Third Department. May 3, 1905.) In the matter of the probate of the last will and testament of Jane Davis, deceased. No opinion. Order affirmed, with $10 costs and disbursements. See 92 N. Y. Supp. 392, 968.

DAYTON, Respondent, v. BLISS et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 21, 1905.) Action

by George G. Dayton against Aaron P. Bliss and W. G. Van Auken. No opinion. Order affirmed, with $10 costs and disbursements.

DEFFAA, Respondent, v. DEFFAA, Appellant. (Supreme Court, Appellate Division, First Department. May 20, 1905.) Action by George Deffaa against Agnes Deffaa. F. G. Steffens, for appellant. C. J. Gerlich, Jr., for respondent.

PER CURIAM. Judgment affirmed, with costs.

VAN BRUNT, P. J., dissents.

DELANOY, Respondent, v. CENTRAL-HUDSON STEAMBOAT CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 28, 1905.) Action by Mary L. Delanoy, as administratrix, etc., of Calvin Delanoy, deceased, against the Central-Hudson Steamboat Company. No opinion. Judgment and order unanimously affirmed, with costs.

DENISON et al., Respondents, v. DENISON et al., Appellants. (Supreme Court, Appellate Division, First Department. April 7, 1905.) Action by John M. Denison and others against Myra B. Denison and others. W. T. Read and F. Bartlett, for appellants. W. S. Logan, for respondents. No opinion. Judgment affirmed, with costs, on opinion of the court below. 86 N. Y. Supp. 604.

DERSCH, Appellant, v. INTERURBAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by Elise Dersch against the Interurban Street Railway Company.

PER CURIAM. Order modified, by inserting a provision requiring the defendant, as the condition of the new trial, to pay the costs of the trial already had and all disbursements in the action to the date of the order, and, as modified, order affirmed, without costs.

DI STEFENO, Appellant, v. PEEKSKILL LIGHTING & R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by Martino Di Stefeno against the Peekskill Lighting & Railroad Company. No opinion. Reargument ordered, and case set down for June 7, 1905.

DIXON, Respondent, v. NEW YORK & S. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by George D. Dixon against the New York & Stamford Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

DORGAN, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 3, 1905.) Action by John Dorgan against the New York City Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

DRESSNER, Respondent. v. DRESSNER, Appellant. (Supreme Court, Appellate Division, Second Department. April 21, 1905.) Action by Henrietta Dressner against Henry T. Dressner. No opinion. Judgment and order affirmed, with costs.

DUCKWORTH, Respondent, v. HARRINGTON, Appellant. (Supreme Court, Appellate Division, Second Department. April 28, 1905.) Action by Walter F. Duckworth against Dennis J. Harrington.

PER CURIAM. Judgment of the Municipal Court affirmed, with costs.

HOOKER, J., not voting.

DUFFGHE, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by John P. Duffghe against the Metropolitan Street Railway Company. No opinion. Reargument ordered, and case set down for June 7, 1905.

In re DUKE. (Supreme Court, Appellate Division, First Department. April 7, 1905.) In the matter of Brodie L. Duke. D. Nicoll, for appellant. L. S. Phillips, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

DYER v. KRATZENSTEIN. (Supreme Court, Appellate Division, First Department. May 20, 1905.) Action by Horace L. Dyer against Herman Kratzenstein. No opinion. Motion denied, with $10 costs.

EARLE, Respondent, v. JORDAN, Appellant. (Supreme Court, Appellate Division, First Department. April 7, 1905.) Action by Henry M. Earle against John J. Jordan. H. W. Merchant, for appellant. H. Hasbrouck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ECKER, Respondent, v. FONDA, J. & G. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 3, 1905.) Action by Edward Ecker against the Fonda, Johnstown & Gloversville Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

EHRHARD, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 12, 1905.) Action by Louis Ehrhard against the Metropolitan Street Railway Company. See 74 N. Y. Supp. 551. Charles F. Brown, for appellant. Charles Bulkley Hubbell, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J. (dissenting). This action was first before this court on an appeal from a judgment in favor of the plaintiff. That judgment was reversed upon the ground that the verdict was against the weight of evidence. 58 App. Div. 613, 68 N. Y. Supp. 457. Upon the new trial the plaintiff again obtained a verdict, the defendant appealed, and the judgment was again reversed upon the ground of error in a ruling upon a question of evidence.